IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SELMA DIVISION

| | |
|---|---|
| HOMESITE INSURANCE COMPANY,<br>    Plaintiff,<br><br>v.<br><br>CHADRICK MENDENHALL.,<br>    Defendant. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 2:22-00359-TFM-N<br>)<br>)<br>) |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the following matters:

1. Plaintiff Homesite Insurance Company's motion to strike (Doc. 16); and,

2. Defendant Chadrick Mendenhall's motion to dismiss (Doc. 9).

Upon due consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Plaintiff's motion to strike (Doc. 16) be **GRANTED** and that Defendant's reply brief (Doc. 15) be **STRICKEN** in its entirety. Additionally, and in accordance with the undersigned's first recommendation, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 9) be **DENIED**.[1]

### I. *Procedural and Factual Background*

Plaintiff Homesite Insurance Company ("Homesite") initiated this civil action by filing a complaint for declaratory judgment on September 12, 2022, pursuant to Federal Rule of Civil Procedure 57, the Declaratory Judgment Act, 28 U.S.C. § 2201,

---

[1] The assigned District Judge has referred the present motions and all relevant pretrial matters to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/6/2022, 10/7/22 and 11/15/22 electronic references).

*et seq.*, and 28 U.S.C. §§ 1332, 1333. (Doc. 1).[2] The action seeks a judicial determination of Homesite's obligations to Mendenhall arising out of his claim for damages pursuant to an insurance policy issued by Homesite to Mendenhall on April 13, 2022. (Doc. 1, PageID.7).

The policy in question covered Mendenhall's 2010 manufactured home located at 251 Gwen Rd in Pine Hill, Alabama. (*See* Docs. 1, 1-1, 1-2). In the "Unit Eligibility" section of his application, Mendenhall responded as follows:

| UNIT ELIGIBILITY QUESTIONS | |
|---|---|
| Is the manufactured home condemned? | NO |
| Is the manufactured home without utilities? | NO |
| Is the manufactured home under renovation/under construction? | NO |
| Is the manufactured home used as a commercial risk? | NO |
| Is there any business conducted on the premises or in the manufactured home? | NO |
| Does the applicant own or board any animal that has bitten or caused injury? | NO |
| Are there any hazardous liability exposures on the premises or in the manufactured home? | NO |
| Is there a swimming pool on the premises? | NO |
| Does the manufactured home or attached structure have any damage that has not been repaired? | NO |
| Is the manufactured home titled in the name of a business or corporation? | NO |
| Is this home on stilts? | NO |

| PRIOR INSURANCE HISTORY | |
|---|---|
| Was the unit purchased within 7 days of the Effective Date? | NO |
| Has the risk been uninsured for more than 7 days? | NO |

(Doc. 1-1, PageID.12). Mendenhall then signed the "Applicant Statement," which certified the information provided in his application was true and complete to the best of his knowledge. (Doc. 1-1, PageID.13). This "Applicant Statement" reads:

> I certify that I have read this application in full and that all information I provided is true and complete to the best of my knowledge. I agree that the policy, if issued, may be subject to an adjustment in the premium

---

[2] Homesite has properly alleged diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1, PageID.1-2). *See Household Bank v. JFS Group*, 320 F.3d 1249, 1253 (11th Cir. 2003) ("If there is an underlying ground for federal court jurisdiction, the Declaratory Judgment Act allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." (citation and internal quotations omitted)).

> due, the policy period requested, coverage limits or deductibles as a result of an inspection report or loss history report. I further understand that any false statement, omission or misrepresentation that would otherwise alter the Company's evaluation of my insurability may result in a recission of coverage. In, addition I understand that I have a duty to notify the Company of any changes to the insured risk.
> …
>
> **Warning**:
> Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or who knowingly presents false information in an application for insurance is guilty of a crime and may be subject to restitution, fines, or confinement in prison, or any combination thereof.
>
> I hereby certify that I have read and answered all questions on this application. I have read the insurance fraud statement and all the statements set for in this Applicant Statement section. I hereby certify that all information contained in this Application is accurate and complete.

(*Id*.). Having received a completed application, Homesite approved Mendenhall for coverage and issued policy No. 0417423183 on April 13, 2022. (*See* Doc. 1-2, PageID.15-57). The policy was effective for a one-year term and included $65,000 in coverage for the manufactured home, $45,000 in coverage for personal property and various other coverages. (Doc. 1-2, PageID.15-16). Ten days after the policy was issued – on April 23, 2022 – Mendenhall's manufactured home was destroyed in a fire. (Doc. 1, PageID.6). Mendenhall subsequently filed a claim with Homesite, which is the subject of the underlying declaratory judgment action. (*See generally*, Doc. 1).

Homesite's complaint asserts that "[d]uring the investigation of Mendenhall's claim, Homesite discovered that when Mendenhall applied for the insurance, the mobile home had cracked windows, a hole in the bathtub that required replacement of the tub, and other damages to the master bathroom." (Doc. 1, PageID.5). And

further, "the renovation of the mobile home was ongoing at the time of the fire loss out of which the claim in question arises." (*Id.*). Pointing to Mendenhall's application (Doc. 1-2), Homesite argues: (1) that Mendenhall misrepresented the condition of the mobile home when he applied for the insurance policy, (2) that the misrepresentations made were intentional and material to the risk of being insured by Homesite, and (3) that Homesite would not have issued the policy had it known the true condition of the manufactured home. (Doc. 1, PageID.7).

After Plaintiff's filing of this action on September 12, 2022, and the issuance of summons two days later, Plaintiff filed an application for entry of default pursuant to Federal Rule of Civil Procedure 55 with the Clerk of Court on October 5, 2022. (Doc. 8). However, the following day – October 6, 2022 – Defendant filed the operative motion to dismiss. (Doc. 9).[3] Accordingly, the Clerk declined to enter a default as set out in a notice dated October 7, 2022. (*See* Doc. 11).

On review of Mendenhall's motion to dismiss, the undersigned set a briefing schedule in an order dated October 12, 2022. (Doc. 12). The aforementioned briefing schedule set Homesite's deadline to file and serve any response for October 28, 2022, and Mendenhall's deadline to file and serve any reply for November 4, 2022. (Doc. 12, PageID.81). The order further instructed that:

> All filings related to the motion to dismiss will be taken under consideration on November 5, 2022. Once the motion is under

---

[3] Defendant's motion to dismiss does not address the grounds upon which he seeks dismissal. (*See* Doc. 9). Finding no potential basis for his motion other than Federal Rule of Civil Procedure 12(b)(6), the undersigned construes Mendenhall's motion as seeking dismissal for failure to state a claim upon which relief can be granted.

4

> submission, no further submissions related to the issues raised may be filed unless (1) the submission is in accordance with S.D. Ala. CivLR 7(f)(3), or (2) the proponent obtains leave of court for good cause shown.

(Doc. 12, PageID.81) (footnote omitted). Moreover, in light of his *pro se* status, the undersigned also explained:

> The Defendant is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil ... Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* ... litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer..." (citation omitted)). Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and ... must promptly notify the Clerk of any change of address ... Failure to comply with this Rule may result in sanction, including ... entry of judgment against a *pro se* defendant." S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

(Doc. 12, PageID.81-83) (footnote omitted).

Homesite timely complied by filing a response brief on October 26, 2022. (Doc. 13).[4] Mendenhall, however, did not comply with the Court's deadline, and an

---

[4] Homesite also filed a Rule 26(f) planning report on October 26, 2022. (Doc. 14). This report was submitted solely by Plaintiff's counsel and explains that she attempted to contact Mendenhall by email to request a meeting, but that "[h]e later called and refused to participate." (Doc. 14, PageID.89).

5

untimely filing was received November 10, 2022 – six days late – with no explanation for its tardiness provided. (*See* Doc. 15). On November 15, 2022, Plaintiff filed the operative motion to strike Defendant's untimely reply brief (Doc. 16), along with a memorandum in support (Doc. 17). Both motions are now ripe for disposition.

## II. *Legal Standards*

Addressed in this section are the applicable legal standards for: (1) *pro se* litigants, (2) motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), and (3) motions to strike under Federal Rule of Civil Procedure 12(f).

### A. *Pro Se* Litigants

While *pro se* litigants are entitled to liberal construction of their pleadings by the Court, *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (citation omitted), "once a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). *See United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)); *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (per curiam) ("Despite construction leniency afforded *pro se* litigants, we nevertheless have required them to conform to procedural rules."). This Court's local rules require similar compliance of *pro se* litigants. *See* S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order.").

### B. Motions to Dismiss Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (citation omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged … [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678.

That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level," and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Twombly*, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "In ruling on a 12(b)(6) motion, the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the [non-movant]." *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citing *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003)).

7

**C. Motions to Strike Under Rule 12(f)**

Pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In general, "a matter is immaterial if it 'has no essential or important relationship to the claim for relief,'" and impertinent if it "consists of statements that do not pertain, and are not necessary, to the issues in question." *Rotor Blade v. Signature Util. Servs.*, 2021 U.S. Dist. LEXIS 168538, *3 (N.D. Ala. May 11, 2021) (citation omitted). *See Sprengle v. Smith Mar. Inc.*, 2021 U.S. Dist. LEXIS 94974, *6 (M.D. Fla. May 19, 2021) ("An allegation is impertinent or immaterial when it is neither responsive nor relevant to the issues involved in the action." (citation omitted)). "Scandalous matter includes, among other things, statements that reflect[] cruelly upon a party's moral character." *Rotor Blade*, 2021 U.S. Dist. LEXIS 168538 at *3 (citation omitted) (brackets in original). *See Sprengle*, 2021 U.S. Dist. LEXIS 94974 at *6 ("'Scandalous' generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." (citation omitted)).

Rule 12(f) permits the Court to strike material on its own, or on motion by a party "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f)(1)-(2). Motions to strike "are generally disfavored as time wasters that distract the Court from the merits of a party's claim." *Larry v. City of Mobile Ala.*, 2021 U.S. Dist. LEXIS 214730, *2 (S.D. Ala. 2021). However, determining whether to strike material from pleadings,

8

or pleadings themselves, is squarely within the district court's discretion. *See Tracfone Wireless, Inc. v. Zip Wireless Prods.*, 716 F. Supp. 2d 1275, 1290 (N.D. Ga. 2010) ("Rule 12(f) reflects the inherent power of the Court to prune down pleadings so as to expedite the administration of justice and to prevent abuse of its process." (citation omitted)). As explained by a district court in this circuit:

> The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matter. A court will not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party. Because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted.

*Metro. Glass Co. v. Nat'l Trust Ins. Co.*, 2014 U.S. Dist. LEXIS 179236, *29 (S.D. Ala. 2014) (citing *Principal Bank v. First American Mortgage, Inc.*, 2014 U.S. Dist. LEXIS 41001, *1 (M.D. Fla. 2014)).

### III. Analysis

Because Plaintiff's motion to strike (Doc. 16) and memorandum in support (Doc. 17) requests this Court strike the entirety of Defendant's reply brief (Doc. 15) and asks that it not be considered when ruling on Defendant's motion to dismiss, the undersigned begins with said motion. Once resolved, the Court will address Mendenhall's motion to dismiss.

**A. Plaintiff's Motion to Strike**

Plaintiff's motion to strike (Doc. 16) and memorandum in support (Doc. 17) asks the Court to strike Mendenhall's entire reply brief. (Doc. 15). The motion asserts

two primary bases for the request: untimeliness and non-responsiveness. (*See generally*, Docs. 16, 17). Additionally, Plaintiff notes that Defendant's reply brief fails to comply with the instructions in the Court's October 12, 2022, order (Doc. 12) and violates the Court's local rules. (*See* Docs. 16, 17). As noted above, motions to strike are generally looked upon with disfavor. *Larry*, 2021 U.S. Dist. LEXIS 214730 at *2. However, Plaintiff's arguments have merit in this instance.

The primary basis for the motion to strike is untimeliness, and Plaintiff is correct that Defendant's reply brief was not timely filed. Mendenhall was instructed in the Court's October 12, 2022, order that he had until November 4, 2022, to file any reply. (Doc. 12, PageID.81). However, the Court did not receive his reply until November 10, 2022. (Doc. 15, PageID.92).[5]

In general, when the Court sets a deadline, it is expected to be complied with. *See Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 971 (11th Cir. 2016) (per curiam) ("Deadlines are not meant to be aspirational because the district court must be able to exercise managerial power to maintain control over its docket") (citation and internal quotations omitted)). Further, it is squarely within the Court's discretion to extend, within reason, a party's filing deadline. *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension

---

[5] Plaintiff asserts in both the motion to strike (Doc. 16) and memorandum in support (Doc. 17) that Defendant's reply brief was filed eleven days late, on November 15, 2022. However, the record indicates Defendant's filing was received six days late on November 10, 2022. (*See* Doc. 15, PageID.92).

expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The concept of "excusable neglect" is generally "understood to encompass situations in which the failure to comply with the filing deadline is attributable to negligence." *Pioneer Inv. Serv. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). Moreover, "determination of whether neglect is 'excusable' is usually an 'equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission.'" *Hurley v. Anderson*, 2017 U.S. Dist. LEXIS 83303, *5 (S.D. Fla. 2017) (citing *id*. at 395) (brackets in original). The Supreme Court has instructed courts to consider four factors in evaluating excusable neglect: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *EarthCam, Inc. v. OxBlue Corp.*, 703 F. App'x 803, 813 (11th Cir. 2017) (per curiam) (citing *Pioneer Inv. Serv.*, 507 U.S. at 395).

In the present case, Plaintiff is correct in noting Mendenhall's untimely motion offers no justification for its tardiness. However, upon consideration of the aforementioned factors, the undersigned determines: (1) there is little danger of prejudice to Homesite based upon a six-day late pleading, (2) the delay's minimal length has not otherwise affected these proceedings, (3) no reason for the delay was given, though it certainly appears to have been within Mendenhall's control to timely file, and (4) there is no indication that Mendenhall acted in bad faith. Despite the

lack of justification, the undersigned finds that Defendant's untimely filing could be attributed to excusable neglect – especially when taking his *pro se* status into account. However, timeliness is not the only issue with Defendant's reply.

Pursuant to Rule 12(f), the Court may strike from any pleading or material a matter that is "immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Plaintiff argues that, in addition to untimeliness, Defendant's reply brief should be stricken because it does not respond to Plaintiff's opposition motion, but "instead merely stat[es] defendant's rendition of the facts with no supporting evidence, ask[s] for a trial date, and malign[s] plaintiff's counsel with comments that are strongly disagreed with." (Doc. 17, PageID.99).

Defendant's motion does not make any legal argument nor respond to any points made by Plaintiff in its response in opposition the motion to dismiss. Rather, it is a recitation of facts – some relevant and some irrelevant – along with an allegation that Plaintiff's counsel has been "very disrespectful" and "very discriminative" to him throughout their interactions. (Doc. 15, PageID.92-93).[6] Defendant goes on to state he "would like to bring this case to a close because I'm

---

[6] This claim allegedly arises out of communications between Defendant and Plaintiff's counsel regarding the filing of a Rule 26(f) report. (*See* Doc. 14). As noted above, Homesite filed a Rule 26(f) planning report on October 26, 2022, in which Plaintiff's counsel explained her attempts to contact Mendenhall by email, but that "[h]e later called and refused to participate." (Doc. 14, PageID.89). Defendant avers in his motion that he "was trying to comply with [Plaintiff's counsel]" about planning the meeting by calling her cellphone; however, "she told me not call her cellphone again." (Doc. 15, PageID.92-93). Additionally, Defendant states that Plaintiff's counsel referred to him as a "ma'am which I don't like because I'm a male not female." (Doc. 15, PageID.93). Plaintiff's motion to strike explains that counsel did request the Defendant only call her office phone, but only "[a]fter repeated calls to her cell phone" and due to "the number and nature of his calls." (Doc. 17, PageID.99). Plaintiff's counsel further notes Defendant had the office phone number, which he was asked to use from the outset, and that she was unaware how Defendant obtained her cell phone number. (*Id.*). Plaintiff's counsel denies making the other statements attributed to her. (*Id.*).

tired of having to write letters to the court about my case," and requests an immediate trial date. (Doc. 15, PageID.93).

Because Defendant's motion does not address the operative motion to dismiss in any way, the undersigned finds the pleading to be both immaterial and impertinent to the disposition of that motion. *See Sprengle*, 2021 U.S. Dist. LEXIS 94974 at *6. Additionally, the undersigned notes that the comments made about Plaintiff's counsel likely fit within the parameters of "scandalous" material, as they relate to her character, are unsupported by any significant evidence, and have been adequately addressed and explained by Plaintiff's counsel in the motion to strike. (*See* Doc. 17, PageID.99).

Finally, the undersigned also agrees with Plaintiff and notes Defendant's reply brief fails to comply with the Court's local rules and the undersigned's prior order (Doc. 12). Plaintiff is correct that the reply brief is formatted as a letter rather than a motion, in violation of the Court's local rules. *See* S.D. Ala. GenLR 7. ("A request for Court action must be presented by motion and may not be presented by informal means such as a letter."). Defendant even states in his "motion" that he "is tired of having to write *letters* to the court about my case." (Doc. 15, PageID.93) (emphasis supplied). Moreover, as Plaintiff points out, Defendant was informed of this specific rule, as well as his obligation to comply with all local and federal procedural rules, in the undersigned's prior order. (*See* Doc. 17, PageID.99 (citing Doc. 12)).

In sum, Defendant's motion is untimely and non-responsive, contains immaterial, impertinent and arguably scandalous material, and does not comply with

13

this Court's local rules or the undersigned's prior order. Though excusable neglect may have saved Defendant's filing had timeliness been the sole issue, the combination of each of these failures justifies the granting of Plaintiff's motion. Accordingly, the undersigned **RECOMMENDS** Plaintiff's motion to strike (Doc. 16) be **GRANTED** and Defendant's reply brief (Doc. 15) be **STRICKEN** in its entirety. In accordance with this recommendation, the undersigned declines to consider Mendenhall's reply brief when evaluating the motion to dismiss.

**B. Defendant's Motion to Dismiss the Complaint**

Mendenhall's one-page motion to dismiss makes two points: first, he argues the case should be dismissed "because [Homesite] doesn't have anything in their clause stating that I couldn't make any changes to my home or that I had to notify them if I did;" second, Mendenhall asserts that Homesite violated Alabama Administrative Code § 482-1-125.07(5), though he provides little basis for this assertion. (*See* Doc. 9, PageID.75).

As noted above, because Mendenhall's motion does not state a basis for dismissal under Federal Rule of Civil Procedure 12(b), and finding no basis for dismissal based upon the provisions of Rules 12(b)(1)-(5), the undersigned construes Defendant's motion as brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Moreover, at the motion to dismiss stage, the Court accepts well-pleaded factual allegations in the complaint as true. *See Speaker*, 623 F.3d at 1379. Accordingly, Defendant's first ground for dismissal must fail because it specifically relates to a factual allegation in the

14

complaint (*i.e.*, what the contract did or did not include). Adjudication regarding the veracity of a factual allegation is reserved for later stages of litigation, and Defendant has failed to make any showing that the complaint itself is deficient under Federal Rule of Civil Procedure 8.

Defendant's second ground for dismissal also must fail because it appears to be an affirmative defense. Mendenhall's argument on this point reads only as follows:

> In Alabama an insurance company ha[s] a certain amount of time to settle their clients after they receive all the proper paperwork and 30 days to make the decision on the claim with or without a lawyer[.] The insurance company Homesite violated [Alabama Administrative Code § 482-1-125.07(5)]

(Doc. 9, PageID.75).

The undersigned agrees with Plaintiff in construing Mendenhall's assertion of § 482-1-125.07(5) as seeking to invoke an affirmative defense – specifically, the long-standing equitable doctrine of unclean hands, which the Supreme Court describes as "clos[ing] the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant." *ABF Freight Sys. v. NLRB*, 510 U.S. 317 (1994) (citation omitted). However, an allegation that Homesite may have acted with unclean hands is not directly relevant to the Court's ruling on a motion to dismiss, because a motion to dismiss simply aims to test the sufficiency of a complaint. *Wilborn v. Jones*, 761 F. App'x 908, 909 (11th Cir. 2019) (per curiam). Moreover, the Eleventh Circuit has clearly stated that "the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim." *Fortner v. Thomas*, 983 F.2d

15

1024, 1028 (11th Cir. 1993). Accordingly, Defendant's second ground for dismissal must also fail.

Finally, even though *pro se* litigants are entitled to liberal construction of their pleadings by the courts, *Albra*, 490 F.3d at 829 (citation omitted), all litigants are obligated to conform with procedural rules. *See Hung Thien Ly*, 646 F.3d at 1315 ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). This Court's local rules require similar compliance. *See* S.D. Ala. GenLR 83.5(a) ("All persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil and Criminal Procedure, unless excused by Court order."). However, Defendant's motion to dismiss fails to comply with several relevant rules.

Pursuant to Federal Rule of Civil Procedure 7, motions for Court orders must: (1) be in writing, (2) state with particularity the grounds for seeking the order, and (3) state the relief sought. Fed. R. Civ. P. 7(b). While in writing and stating his desire for the case to be dismissed with prejudice, Mendenhall's complaint does not state with particularity his grounds for seeking dismissal. (*See* Doc. 9, PageID.75). Additionally, Mendenhall's motion to dismiss does not comply with several of this Court's local rules. *See e.g.,* S.D. Ala. GenLR 5(a)(4) (requiring *pro se* litigants to include name, address and phone number on any filings), S.D. Ala. GenLR 7 (requiring requests for Court action be presented by motion and not letter) and S.D. Ala. GenLR 83.5(a) (requiring *pro se* litigants to comply with procedural rules).[7]

---

[7] The Court's local rules can be found online at: https://www.alsd.uscourts.gov/court-info/local-rules-

In sum, Mendenhall's Rule 12(b)(6) motion fails to challenge the sufficiency of Plaintiff's complaint. Instead, it first disputes a factual allegation and then argues an affirmative defense – neither of which are properly adjudicated at this stage of litigation. Moreover, the undersigned otherwise finds that Homesite's claim has facial plausibility. *See Twombly*, 550 U.S. at 570; *Iqbal* 556 U.S. at 678. Accordingly, the undersigned **RECOMMENDS** Defendant's motion to dismiss (Doc. 9) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 30th day of November 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

and-orders.